IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 11-00118-01-CR-W-DGK |
| GEORGE B. HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION
## TO ACCEPT DEFENDANT'S CONDITIONAL GUILTY PLEA

On December 5, 2013, I held a change-of-plea hearing after this case was referred to me by United States District Judge Greg Kays. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

### I. BACKGROUND

On May 23, 2011, an indictment was returned charging defendant with one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). Defendant was detained without bond after a detention hearing on August 15, 2011. On January 12, 2012, the government filed a notice of applicability of 18 U.S.C. § 924(e). Judge Kays referred this case to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea. The hearing was held on December 5, 2013. Defendant was present, represented by Assistant Federal Public Defender William Raymond. The government was represented by

Assistant United States Attorney Christina Tabor. The proceedings were recorded and a transcript of the hearing was filed on December 6, 2013.

## II. *AUTHORITY OF THE COURT*

Although the issue has not been widely litigated, the several courts faced with the question of whether a United States Magistrate Judge has authority to conduct a change-of-plea hearing have held that there is such authority. Determining whether a judicial duty is properly delegable to a Magistrate Judge requires a two-part analysis: First, it must be determined whether Congress intended for Magistrate Judges to perform the duty in question, and second, it must be determined whether the delegation of the duty to a Magistrate Judge "offends the principles of Article III of the Constitution." United States v. Dees, 125 F.3d 261, 264 (5th Cir. 1997), cert. denied, 522 U.S. 1152 (1998).

Although the Magistrates Act, 28 U.S.C. § 636, does not specifically mention change-of-plea hearings, it provides that "[a] magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). Courts have used this language to conclude that plea allocutions do not differ markedly from other duties performed by Magistrate Judges and therefore are assignable to them under the Act. See United States v. Dees, 125

2

F.3d at 265; United States v. Ciapponi, 77 F.3d 1247, 1251 (10th Cir.), cert. denied, 517 U.S. 1215 (1996); United States v. Williams, 23 F.3d 629, 633 (2nd Cir.), cert. denied, 513 U.S. 1045 (1994); United States v. Rojas, 898 F.2d 40, 42 (5th Cir. 1990).

The courts making the above determination also found that referring cases to Magistrate Judges for change-of-plea hearings was not in conflict with Article III of the Constitution. "Because the district court retained full authority to review and reject the magistrate judge's recommendation, the delegation did not exceed the scope of magisterial authority contemplated by the Act. . . . A district court has the power to review de novo a magistrate's taking of a guilty plea, and it can reject the plea if it finds a problem in the allocution." United States v. Dees, 125 F.3d at 265. In addition, the district court has "unfettered authority to review a magistrate judge's recommendation regarding the voluntariness of a plea." Id.

Based on the above, I find that the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III. FINDINGS OF FACT

1. On May 23, 2011, an indictment was returned charging defendant with a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)

3

(thereafter amended to 924(e)) by possessing a firearm after having been convicted of at two violent felonies and one serious drug felony (Tr. at 12). Defendant disputes the existence of the three qualifying felonies and therefore the plea is conditioned upon defendant being able to appeal any finding that his criminal history includes three qualifying felonies (Tr. at 2-3, 21). If it does not, the case would be one under § 924(a) and the 15-year mandatory minimum prison sentence would not apply (Tr. at 3-9). If no higher court finds in his favor, defendant realizes he will not be able to withdraw his guilty plea on that basis; however, the government has agreed, under those circumstances, to recommend a sentence of 15 years (Tr. at 3-9).

    2.    The statutory penalty for the charged violation with the sentencing enhancement is not less than 15 years and up to life in prison, a fine of up to $250,000, a supervised release term of not less than five years, and a mandatory $100 special assessment (Tr. at 3-9). The statutory penalty for the charged violation without the sentencing enhancement is not more than 10 years in prison, a fine of not more than $250,000, a supervised release term of not m ore than three years, and a $100 special assessment (Tr. at 12-13). Defendant understood the penalty range (Tr. at 7-9, 12-13).

3. Defendant was advised of the following:

   a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 14);

   b. That he has the right to assistance of counsel throughout the trial (Tr. at 14-15);

   c. That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 15);

   d. That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 15);

   e. That defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that defendant may not testify at trial (Tr. at 15-16);

   f. That defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 16); and

   g. That defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 16-17).

4. Defendant was informed and understood that by pleading guilty, he is giving up all of the rights described above, but is not giving up his right to appeal the suppression issue or the

applicability of the armed career offender sentencing enhancement (Tr. at 17, 21).

5. Defendant was informed that during the change-of-plea proceeding, because he was placed under oath, when questioned by counsel and the judge he must answer questions truthfully (Tr. at 18). Defendant stated that he understood (Tr. at 18).

6. Government counsel stated that defendant was provided with a full copy of the government's file (Tr. at 18).

7. Defense counsel agreed that his review of the evidence and his independent investigation confirmed that the facts were as alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 18).

8. Defendant was placed under oath (Tr. at 9) and admitted the following: On March 1, 2011, he was stopped by police in Kansas City, Missouri; sometime prior to that defendant had been convicted of a felony; officers searched defendant's car and found a Bryco Arms, Model Jennings Nine, 9 mm pistol which defendant admitted to possessing (Tr. at 19-20). Defendant has no reason to dispute the fact that such a firearm would have been manufactured in Costa Mesa, California, and therefore would have crossed state lines at some time prior to it being discovered in defendant's car in Kansas City, Missouri (Tr. at 20). Defendant knew that it was illegal for him to possess a firearm on March 1, 2011 (Tr. at 20).

9. Although there is no formal plea agreement in this case, the parties understand that if defendant loses his argument regarding the applicability of § 924(e), the government will recommend that he be sentenced to the minimum term of 15 years (Tr. at 21-22). No one has made any threats or promises in order to get defendant to plead guilty (Tr. at 22).

10. Defendant is satisfied with the advice and guidance he has received from Mr. Raymond (Tr. at 22-23). There is nothing Mr. Raymond has done that defendant did not want him to do, and there is nothing he wanted Mr. Raymond to do that Mr. Raymond has not done (Tr. at 23).

11. Defendant is 50 years of age and attended school through 12th grade (Tr. at 23). He understood everything that occurred during his hearing (Tr. at 22). Defendant was not under the influence of any alcohol, drug, or mental or physical condition that would affect his ability to make an intelligent choice about pleading guilty during the change-of-plea hearing (Tr. at 23).

12. Defendant tendered a conditional plea of guilty to the crime charged in this indictment (Tr. at 24).

### IV. *ELEMENTS OF THE CHARGED OFFENSE*

The elements necessary to sustain a conviction for possessing a firearm after having been convicted of a felony are: (1) the defendant knowingly possessed a firearm, (2) the defendant had previously been convicted of a felony, and (3) at

7

some time prior to the defendant's possession of the firearm it was transported across state lines. United States v. Malik, 345 F.3d 999, 1002 (8th Cir. 2003).

The elements necessary to sustain a conviction for possession a firearm after having been convicted of at least three serious drug offenses or violent felonies are the same as above except that if the defendant has three prior convictions that were either serious drug offenses or violent felonies, then he is considered an armed career criminal for sentencing purposes. United States v. Reliford, 471 F.3d 913, 915 (8th Cir. 2006), cert. denied, 550 U.S. 938 (2007); 18 U.S.C. § 924(e).

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on whether defendant's guilty plea should be accepted.

2. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in this indictment including the armed career criminal sentencing enhancement in the event he does not win his argument that such an enhancement does not apply.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting defendant's conditional guilty plea and adjudging defendant guilty of the offense charged.

The parties are reminded that each has 14 days from the date of this Report and Recommendation to file objections.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
December 6, 2013